

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-24-00277-CR

———————————————————

ANDREW TRAVIS MANER, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 4
Tarrant County, Texas
Trial Court No. 1731749

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Birdwell

**MEMORANDUM OPINION**

In August 2022, Appellant Andrew Travis Maner was indicted on two counts of credit-card or debit-card abuse, a state jail felony. *See* Tex. Penal Code Ann. § 32.31. The indictment contained an enhancement paragraph alleging that because Maner had previously been convicted of two state jail felonies, the punishment range for his two credit-or-debit-card-abuse counts was elevated to that of a third-degree felony. *See id.* § 12.425(a); *see also id.* § 12.34 (providing that a person convicted of a third-degree felony shall be punished by imprisonment for a term of two to ten years and may be assessed a fine not to exceed $10,000).

In April 2024, Maner entered into a conditional plea agreement whereby he pleaded guilty to one of the credit-or-debit-card-abuse counts and pleaded "true" to the indictment's enhancement paragraph.[1] Under this conditional agreement, the State agreed to recommend a punishment of two years' incarceration if Maner returned on May 16, 2024, at 8:30 a.m. for sentencing. But Maner failed to appear as agreed; thus, his guilty plea was treated as an "open plea" (i.e., one without the benefit of a plea bargain). Following an August 2024 hearing on punishment, the trial court sentenced Maner to ten years' incarceration. Maner timely appealed.

After determining that Maner's appeal was frivolous, Maner's court-appointed appellate attorney filed a motion to withdraw as counsel and, in support of that motion, a brief. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967).

---

[1]The State agreed to waive the second count of credit-card or debit-card abuse.

Counsel's motion and brief meet the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See id.* at 744, 87 S. Ct. at 1400. Additionally, in compliance with *Kelly v. State*, counsel provided Maner with copies of the brief and the motion to withdraw; he informed Maner of his right to file a pro se response, to review the record, and to seek discretionary review pro se should this court declare his appeal frivolous; and he sent Maner a form motion for pro se access to the appellate record. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Maner had the opportunity to file a pro se response to the *Anders* brief but did not do so. The State declined to file a brief and instead filed a letter in which it agreed with appointed counsel that the appeal is frivolous.

We have carefully reviewed the record and counsel's brief and have determined that this appeal is wholly frivolous and without merit. We find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). We therefore grant counsel's motion to withdraw and affirm the trial court's judgment.

/s/ Wade Birdwell

Wade Birdwell
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: April 10, 2025